IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

LUIS IVAN MARRERO
ANA EVELYN ORTIZ SANTOS

Debtors

CASE NO. 18-03283 (BKT)

CHAPTER 13

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
(Plan Dated June 11, 2018)

Comes now, Scotiabank Puerto Rico ("Scotiabank or the "Bank") represented by the undersigned attorney, who states and prays as follows:

### Procedural Posture

On June 11, 2018, Debtors filed a Chapter 13 Payment Plan dated June 11, 2018. The Plan produces a base of $11,232.00 in a deferred term of 36 months.

Scotiabank hereby objects to the confirmation of the Plan based on the following grounds: *(i)* the Plan as proposed does not provide for the payment of the pre-petition arrears owed to Scotiabank, nor for the payment of the post-petition mortgage installments that will become due on the mortgage loan; *(ii)* and the Plan fails to provide for the Bank to retain its Lien.

### The Facts

1. As we stated before, on June 11, 2018 Debtor filed a Chapter 13 Payment Plan (the "Plan"). The Plan before the consideration of the Court provides for 36 monthly payments of $312.00, each, for an aggregate base of $11,232.00. See docket entry #3.

2. The Plan does not provide for the payment of the pre-petition arrears in the amount of $2,334.39 owed to Scotiabank's first mortgage (loan number xxxxxx4303) nor for the payment of the post-petition mortgage installments that will become due in the mortgage loan that encumbers a property located at Lot 468, Capuchino St., Borinquen Valley, Caguas, P.R. 00725 (the "Subject Property"), listed by Debtors in Schedule A-B.

3. On July 6, 2018, Scotiabank filed secured Proof of Claim number 3 for the amount of $143,019.69 including the amount of $2,334.39 in pre-petition arrears secured by a <u>first</u> mortgage that encumbers the Subject Property. The Bank is the holder of an allowed secured claim and is the holder of a mortgage note secured by a first mortgage that encumbers Debtors' residence (the "Lien").

## The Code

<u>Failure to Provide for Curing Default</u>

4. Debtors' Plan does not meet the requirements of 11 U.S.C. §1322(b)(5) [curing the default within a reasonable period of time] and 11 U.S.C. § 1325 (a)(5) (B)(i)(I)(aa) inasmuch as it fails to provide for the payment of the pre-petition mortgage installments accrued nor for the post-petition mortgage payments that will accrue on the mortgage loan of reference, that is, the payment of the underlying debt determined under non-bankruptcy law.

5. The Plan under consideration of the Court fails to provide any specific treatment to Scotiabank's secured claim.

6. Scotiabank's secured claim number 3 is deemed allowed as filed. Rule 3001 (f) of the Federal Rules of Bankruptcy Procedure, clearly states as follows:

> "(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

7. In order for the Plan to be confirmed Debtors are required to provide a treatment to Scotiabank's secured claim number 3 under the wide variety of options available in 11 U.S.C. § 1322 (b) (2) (3) and (5).

<u>Lien retention</u>

8. In order for the Court to be able to confirm the Plan as to Scotiabank, the Plan must provide *inter alia* for the Lien retention. Section1322(a)(5)(B)(i)(I) provides as follows:

"(B)(i) the plan provides that -

(I) the holder of such claim retain the lien securing such claim until the earlier of - (aa) the payment of the underlying debt determined under nonbankruptcy law; or (bb) discharge under section 1328; and" ...

9. Thus, if the Debtors fail to include in the Plan any provision related to an allowed secured claim, such as the Lien retention, then such secured claim for all legal purposes has not been *"provided for by the plan"*. In that case 11 USC §1325(a)(5)(B)(i)(I) & (II) are not applicable.

10. The Supreme Court in the case of *Rake v. Wade*, infra, determined that the phrase, *"provided for by the plan"*, as used in § 1325(a)(5), have an ample meaning. Section 1325(a)(5) applies by its terms to *"each allowed secured claim provided for by the plan."* The most natural reading of the phrase to "provid[e] for by the plan" is to *"make a provision for"* or *"stipulate to"* something in a plan. See, *e.g.*, American Heritage Dictionary 1053 (10th ed.1981) (*"provide for"* defined as *"to make a stipulation or condition"*). *Rake v. Wade*, 508 U.S. 464, 473, 113 S. Ct. 2187, 2192, 124 L. Ed. 2d 424,61 USLW 4571, 28 Collier Bankr. Cas. 2d 983, 24 Bankr. Ct. Dec. 533, Bankr. L. Rep. P 75275, 1993 WL 187818 (1993).

### NOTICE OF RESPONSE TIME

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

WHEREFORE, Scotiabank prays for an order denying the confirmation of the Plan dated June 11 , 2018.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to debtors' attorney **Roberto Figueroa Carrasquillo, Esq.**, and to **Aejandro Oliveras Rivera, Esq.**, US Chapter 13 Trustee, and also certify that I have mailed by United States Postal Service copy of this motion to the following non CM/ECF participant debtor, to their address of record in this case.

In San Juan, Puerto Rico, on the 13.<sup>th</sup> day of July 2018.

CARDONA JIMENEZ LAW OFFICES, PSC
Attorney for Scotiabank
PO Box 9023593
San Juan, PR 00902-3593
Tels: (787) 724-1303, Fax No. (787) 724-1369
E-mail: jf@cardonalaw.com

/s/*José F. Cardona Jiménez*, USCD PR 124504